UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 04, 2020

SEAN F. McAVOY, CLERK

| U.S.A. vs. | Runkle, Sabrina | Docket No. | 2:20CR00037-TOR-2 |
|---|---|---|---|

### Petition for Action on Conditions of Pretrial Release

COMES NOW  Erik Carlson, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Sabrina Runkle, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers, sitting in the Court at Spokane, Washington, on the 6th day of March 2020, under the following conditions:

**Standard Condition #6:** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**Standard Condition #7:** Defendant shall contact defense counsel at least once a week.

**Additional Condition #24:** Substance Abuse Evaluation: Defendant shall participate in a substance abuse evaluation and any recommended treatment.

Pretrial Services shall determine the evaluator and the schedule.

**Additional Condition #27:** If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.  Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substances screening or testing.  Defendant shall refrain  from obstructing or attempting to obstruct, in any fashion, with the efficiency and accuracy of prohibited substance testing.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1:** Sabrina Runkle is alleged to have violated her conditions of pretrial release supervision by failing to report as instructed on November 30, 2020.

On March 9, 2020, a U.S. probation officer  reviewed the conditions of pretrial release supervision with Ms. Runkle.  Ms. Runkle acknowledged an understanding to the conditions, which included standard condition number 6.

On November 6, 2020, Ms. Runkle was instructed to contact the undersigned officer every Thursday by noon.  This instruction was made by the undersigned officer as there had been issues establishing communication with Ms. Runkle for supervision purposes.

Since that time, Ms. Runkle has contacted the undersigned officer on November 12, 2020, through a voice mail message and on November 25, 2020, in which a telephone conversation occurred between Ms. Runkle and the undersigned officer.

During the telephone conversation between Ms. Runkle and the undersigned officer on November 25, 2020, Ms. Runkle was instructed to call the undersigned on November 30, 2020, at 10 a.m.

Ms. Runkle failed to report as instructed on November  30, 2020.

Re: Runkle, Sabrina
December 4, 2020
Page 2

**Violation #2:** Sabrina Runkle is alleged to have violated her conditions of pretrial release supervision by failing to contact defense counsel at least once per week as of December 1, 2020.

On March 9, 2020, a U.S. probation officer reviewed the conditions of pretrial release supervision with Ms. Runkle. Ms. Runkle acknowledged an understanding to the conditions, which included standard condition number 7.

On November 6, 2020, defense counsel contacted the undersigned officer and advised he had been having difficulties contacting Ms. Runkle for approximately 1 month. The undersigned officer provided defense counsel with Ms. Runkle's contact information.

Later on November 6, 2020, Ms. Runkle contacted the undersigned officer to advise she had spoken to her attorney on that date. The undersigned officer reminded Ms. Runkle that she needed to have weekly contact with defense counsel.

On December 1, 2020, defense counsel contacted the undersigned officer to advise he continues to have difficulties establishing communication with Ms. Runkle. The undersigned officer provided defense counsel with Ms. Runkle's most updated contact information at that time.

**Violation #3:** Sabrina Runkle is alleged to have violated her conditions of pretrial release supervision by being unsuccessfully discharged from substance abuse treatment on December 2, 2020.

On March 9, 2020, a U.S. probation officer reviewed the conditions of pretrial release supervision with Ms. Runkle. Ms. Runkle acknowledged an understanding of the conditions, which included additional condition number 24.

On October 21, 2020, Ms. Runkle participated in a substance abuse evaluation at Spokane Addiction and Recovery Center (SPARC), in which she was recommended to attend intensive outpatient substance abuse treatment at that agency.

On October 28, 2020, the undersigned officer confirmed with her counselor at SPARC that she was scheduled to start IOP sessions on that date.

On December 2, 2020, the undersigned officer contacted Ms. Runkle's substance abuse counselor at SPARC. The counselor advised that Ms. Runkle had not attended a substance abuse treatment session since October 28, 2020. Additionally, the counselor advised Ms. Runkle missed an appointment at SPARC on November 24, 2020. Due to Ms. Runkle's failure to attend substance abuse treatment sessions at SPARC, she was unsuccessfully discharged from treatment services at that agency on December 2, 2020.

**Violation #4:** Sabrina Runkle is alleged to have violated her conditions of pretrial release supervision by failing to submit to random drug testing on October 23, November 10 and 17, 2020.

On March 9, 2020, a U.S. probation officer reviewed the conditions of pretrial release supervision with Ms. Runkle. Ms. Runkle acknowledged an understanding of the conditions, which included additional condition number 27.

On March 9, 2020, Ms. Runkle was referred to the phase urinalysis testing program at Pioneer Human Services (PHS). She was instructed to contact PHS on a daily basis to determine if she was required to submit to random drug testing.

Available records from PHS indicate that on October 23, 2020, Ms. Runkle reported to that agency for a random drug test. It appears Ms. Runkle "stalled" and did not provide a urine specimen on that date. In addition, Ms. Runkle failed to appear for random drug testing at PHS on November 10 and 17, 2020.

PRAYING THAT THE COURT WILL ORDER A WARRANT

|  |  |
|---|---|
|  | I declare under the penalty of perjury that the foregoing is true and correct. |
|  | Executed on: December 4, 2020 |
| by | s/Erik Carlson |
|  | Erik Carlson<br>U.S. Pretrial Services Officer |

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

_____
Signature of Judicial Officer

December 4, 2020
Date